NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

ALLISON J. CHEUNG, CSBN 244651
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8942
Facsimile: (415) 744-0134
E-Mail: allison.cheung@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| WAYNE BASS, | ) | Case No.: 3:20-cv-00607-CLB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNOPPOSED MOTION FOR EXTENSION OF** |
| vs. | ) | **TIME TO FILE CERTIFIED** |
| | ) | **ADMINISTRATIVE RECORD AND ANSWER;** |
| ANDREW SAUL, | ) | **DECLARATIONS OF JEBBY RASPUTNIS AND** |
| Commissioner of Social Security, | ) | **CHRISTIANNE VOEGELE** |
| | ) | |
| Defendant. | ) | (**SECOND REQUEST**) |
| | ) | |

1   Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner"), by and through

2   his undersigned attorneys, hereby moves for a sixty-day extension of time to file the Certified

3   Administrative Record (CAR) and answer to Plaintiff's Complaint.  The CAR and answer to Plaintiff's

4   Complaint are due to be filed by March 5, 2021.  This is the Commissioner's second request for an

5   extension.  The following provides the Court with an updated status of the agency's ability to prepare

6   CARs, including an updated declaration from Jebby Rasputnis.

7   In light of the global COVID-19 pandemic, the Social Security Administration ("SSA" or the

8   "Agency") has taken the unprecedented step of suspending in-office services to the public:

9   https://www.ssa.gov/coronavirus/.  The Agency is focusing on providing the most critical services by

10   mail, phone and online to those most in need.  SSA is also taking additional steps to protect its employees

11   and help stop the spread of COVID-19, maximizing social distancing, including significantly limiting

12   employee access to SSA facilities for health and safety only and has moved toward a temporary virtual

13   work environment.  Electronic processes allow some of SSA's most critical work to continue with

14   minimal interruption; other workloads have been suspended until the health crisis abates or the Agency is

    able to create new electronic business processes.

15   For purposes of this particular case, the public health emergency pandemic has significantly

16   impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in

17   Falls Church, Virginia.  That office is responsible for physically producing the administrative record that

18   is required to adjudicate the case under Sections 205(g) and (h) of the Social Security Act, 42 U.S.C.

19   § 405(g) and (h).  *See* SSA Program Operations Manual System GN 03106.025, *available at*

20   https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106025.

21   As detailed in the attached declarations, beginning March 16, 2020, OAO's staff members began

22   to telework to protect employee health and prevent further spread of COVID-19.  At that time, critical in-

23   person physical tasks associated with preparing the administrative record could not be accomplished.  For

24   example, prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all

25   hearing recordings, which are part of the administrative record, were downloaded onto compact discs and

26   encrypted.  OAO securely routed the encrypted discs to a private contractor through a daily pickup and

delivery service at the Official Duty Station (ODS) in Falls Church, Virginia.  The private contractor would transcribe the hearing recording and send the paper copy of the hearing transcript back to OAO. OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file.  Thereafter, OAO personnel would assemble the administrative record in a prescribed order.

To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of administrative records.  For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

For cases in which OAO had not yet submitted recordings to the private contractors before March 16, 2020, OAO has been pursuing all available options to obtain transcriptions for these cases.  In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription.  Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.  The process is functioning now, albeit at only half of normal productivity.

Given the volume of pending cases, Defendant requests an extension in which to respond to the Complaint until May 4, 2021.

On February 25, 2021, the undersigned conferred with Plaintiff's counsel, who has no opposition to the requested extension.

It is therefore respectfully requested that Defendant be granted an extension of time to file the CAR and answer to Plaintiff's Complaint, through and including May 4, 2021.

//
//
//
//

Dated: February 25, 2021

NICHOLAS A. TRUTANICH
United States Attorney

/s/ *Allison J. Cheung*
ALLISON J. CHEUNG
Special Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 1, 2021 _____

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 160 Spear Street, Suite 800, San Francisco, California 94105.  I am not a party to the above-entitled action.  On the date set forth below, I caused service of **UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATIONS OF JEBBY RASPUTNIS AND CHRISTIANNE VOEGELE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which provides electronic notice of the filing:

Hal Taylor
<u>haltaylorlawyer@gbis.com</u>
Attorney for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 25, 2021

/s/ *Allison J. Cheung*
ALLISON J. CHEUNG
Special Assistant United States Attorney

DECLARATION OF JEBBY RASPUTNIS
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, JEBBY RASPUTNIS, Executive Director of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

1) My office is responsible for, among other things, preparing certified copies of administrative records (CARs) for Federal court review when claimants appeal the final decisions of the Commissioner of Social Security.

2) Beginning in Mid-March of 2020, the Social Security Administration (agency) restricted physical access to our buildings because of the COVID-19 pandemic. Since that time, OAO has been working to overhaul, redo, refine, and streamline our business processes to continue operations and meet our mission to serve the public. Despite many challenges in transitioning to a completely new business process, we have reached and surpassed pre-pandemic levels of electronic CAR production. In the first quarter of fiscal year 2021, we processed 5,270 cases. As comparison, in the first quarter of fiscal year 2020 we processed 4,098 cases and in the first quarter of fiscal year 2019 we processed 3,970. In January of 2021, we processed slightly over 1500 cases.

3) As we worked to transition this workload, and our external vendors, to a fully virtual process, the number of new cases filed in federal court also increased[1]. In the last quarter of fiscal year 2020 and the first quarter of fiscal year 2021, we averaged more than 2,257 new case receipts per month, compared to an average of 1,458 new case receipts in the

---

[1] *See Chief Justice Roberts' 2020 Year-End Report on the Federal Judiciary, Appendix Workload of the Courts,* available at https://www.supremecourt.gov/publicinfo/year-end/2020year-endreport.pdf ("Cases with the United States as defendant grew 16% [in FY20], primarily reflecting increases in social security cases and prisoner petitions.")

last quarter of fiscal year 2019 and the first quarter of fiscal year 2020.

https://www.ssa.gov/appeals/DataSets/08_National_New_Court_Cases_and_Remands.html.

4) Consequently, while we are now producing electronic CARs at/above pre-pandemic
   levels, we continue to experience a backlog due to the combination of increased new case
   receipts and our difficulties transitioning our processes and vendors to an electronic
   process.  As of January 31, 2021, we have a backlog of more than 11,100 cases.

5) Much of the delay and uncertainty in the CAR production process has stemmed from how
   we transmit hearing recordings to our vendors, and how our vendors return completed
   transcripts to us.  Prior to the pandemic, we produced CDs of the recordings in the office
   and the vendors returned paper transcripts to us.  When the pandemic started, we tested
   and implemented a secure email process for transmitting the recordings, but, we, and the
   vendors, experienced systems issues requiring file chunking and delaying transmission.
   Despite difficulties in transmitting recordings, we were able to update all of our vendor
   agreements to allow for electronic return of completed transcripts.  We implemented a
   remote CD preparation process for transmitting recordings to the vendors while
   continuing to explore other electronic transmission options.  After several months of
   piloting new processes, updating vendor agreements, and making staffing changes, we
   have recently implemented the following:

   a. We eliminated the need for OAO staff to burn CDs of the administrative
      hearing recordings for distribution to the vendors.  As of this declaration, all
      five of our transcription vendors now have secure access to the audio files of
      the hearing recordings.  While we continued to use a CD process, manual

sorting of thousands of CDs of hearing recordings resulted in difficulty

prioritizing and transmitting the oldest cases for delivery to the vendors.

Although each contractor works at a different speed based on their individual

staffing situations, our new, secure, direct access process ensures streamlined

prioritization and also eliminates CD transmittal times;

b.  In addition to our five vendors, we established an in-house transcription cadre

of 40 employees.  We are leveraging the use of new foot pedals (allowing the

cadre members to more easily/quickly navigate recordings) and auto-

transcription software, which we estimate will increase the productivity of this

cadre by 50% by the end of February;

c.  We have requested the assistance, as they are able, of the agency's closed

captioning staff to assist with transcription typing;

d.  We continue to work with each of our vendors to maximize their productivity

and, recently, each of our five vendors has agreed, in varying amounts, to

increase their capacity, as they are able;

e.  We are currently working with the agency's Office of Acquisition and Grants

to add a sixth vendor before the end of the fiscal year;

f.  We have recently hired an additional four Civil Action Assistants to assist

with this workload and are in the process of transitioning additional staff to

the in-house transcription cadre.

6) Although we remain subject to some constraints, we continue to work on increasing

productivity by collaborating with our vendors and searching out and utilizing

technological enhancements.  We ask for continued patience as we work to increase our

efficiency and production of CARs, reduce the current backlog, and address rising court case filings.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated February 10, 2021                    /s/ *Jebby Rasputnis*
                                           Jebby Rasputnis

<u>DECLARATION OF CHRISTIANNE VOEGELE</u>
<u>OFFICE OF APPELLATE OPERATIONS</u>
<u>SOCIAL SECURITY ADMINISTRATION</u>

I, CHRISTIANNE VOEGELE, Chief of Court Case Preparation and Review Branch 1,

and Acting Chief of Court Case Preparation and Review Branch 3, of the Social Security

Administration's Office of Appellate Operations (OAO), declare and state as follows:

(1)     Under direct delegation from the Commissioner of Social Security, the Office of

Hearings Operations (OHO) administers a nationwide hearings program, and OAO administers a

nationwide appeals program.  OHO includes the Administrative Law Judges who hold hearings

on claims arising under Titles II and XVI of the Social Security Act, as amended, when a

claimant who is dissatisfied with their administrative determination requests a hearing.  OAO

includes the Appeals Council, which reviews claims when a claimant is dissatisfied with the

decision rendered by an Administrative Law Judge.  OAO also provides professional and

technical advice to the Deputy Commissioner and Administrative Appeals Judges of the Appeals

Council in the processing of cases in which a claimant has filed a civil action.

(2)     One function of the Appeals Council is to act on requests for review of hearing

decisions made by Administrative Law Judges and to either grant, deny or dismiss any such

request.  Under the regulations of the Social Security Administration, if the Appeals Council

denies a timely request for review of a hearing decision, that hearing decision becomes the "final

decision" within the meaning of, and subject to, the provisions for judicial review in section

205(g) of the Social Security Act, as amended (42 U.S.C. section 405(g)).  The first sentence of

that section reads as follows:

"Any individual, after any final decision of the Commissioner made after a
hearing to which he was a party, irrespective of the amount in controversy, may

See Next Page

obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.***"

(3)    I am responsible for the processing of claims under Titles II and XVI of the Social

Security Act, as amended, whenever a civil action has been filed in the Fourth, Sixth, Seventh,

Ninth, Eleventh, and District of Columbia judicial circuits.  As described below, OAO's business

processes are true to the best of my knowledge and belief.

a) If a civil action is properly commenced, the third sentence of 42 U.S.C. 405(g) states

   the following: "As part of the Commissioner's answer[,] the Commissioner shall file

   a certified copy of the transcript of the record including the evidence upon which the

   findings and decision complained of are based."  On behalf of the Commissioner of

   the Social Security Administration, OAO personnel are responsible for preparing a

   certified copy of the transcript of the record.

b) Upon notification of the civil action by the U.S. Attorney's Office or the Social

   Security Administration's Office of General Counsel, OAO personnel must locate

   and retrieve the plaintiff's claim(s) file, which is in either a paper or electronic

   format.  The file contains both evidentiary and procedural documents, and the

   recording of any hearing held before an Administrative Law Judge.

c) Upon locating the file, OAO personnel determines if the claimant timely filed the

   civil action and, if so, routes the recording of the hearing to a private contractor for

   transcription.

d) Historically and prior to the COVID-19 pandemic, to safeguard Personally

   Identifiable Information (PII), all hearing recordings were downloaded onto compact

   discs, and these discs were encrypted.  OAO securely routed the encrypted discs to a

private contractor through a daily pickup and delivery service at the Official Duty

Station (ODS) in Falls Church, Virginia.  The contractor is responsible for all tasks

necessary for transcription typing services.  It is estimated that an average hearing

lasts 45 minutes and results in an average of 33 pages of transcript.  Each transcript

contains a certification statement by a transcriber and proofreader.  Transcription of a

hearing recording can take up to 20 business days, but is generally transcribed in 5-10

business days.  After the contractor transcribed the hearing recording, a paper copy of

the hearing transcript was sent back via a delivery service to the ODS in Falls Church,

Virginia.  OAO personnel would then scan the hearing transcript into the electronic

record or place the hearing transcript in the paper case file.  Thereafter, OAO

personnel would assemble the administrative record in a prescribed order.

e) Most cases are adjudicated using the Social Security Administration's Electronic

Disability Collect System (EDCS).  Even using EDCS, most cases historically

required physical, in-house scanning and uploading of hearing transcripts.  This work

was performed at the ODS.

f) Even for cases using EDCS that are in electronic format, many jurisdictions require

encrypted compact discs and paper copies of the certified administrative record.  All

paper copies are produced at the ODS, and all compact discs and paper copies are

shipped via United States Parcel Service from the ODS.

g) Due to the COVID-19 pandemic, OAO staff are not currently authorized to report to

the office due to health and safety concerns.  On or about March 16, 2020, OAO

began working remotely.  Consequently, OAO had been unable to complete certified

administrative records on any cases that required in-office work at the ODS,

including any cases in which the transcript(s) of the hearing recording(s) had not already been uploaded to the electronic file.

h) To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of as many administrative records as possible.

    a. For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

    b. Subsequently, OAO consulted with OAG and the Office of the General Counsel, and obtained approval for a new process to replace encrypted compact discs.  In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription.  Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.  The process is functioning now, albeit at a fraction of normal productivity.

i) OAO plans to continue to explore all options available to complete the preparation of certified electronic records during the COVID-19 pandemic.

j) OAO generally prioritizes the preparation of the certified administrative records based on receipt dates, with the oldest receipt dates processed first.  OAO will work to ensure the oldest pending cases, including court remands and final decisions, are given priority processing.

See Next Page

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

June 17, 2020
Date

CHRISTIANNE VOEGELE