**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| WAYNE BASS, | Case No. 3:20-cv-00607-CLB |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM** |
| v. | |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | [ECF Nos. 22, 23] |
| Defendant. | |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Wayne Bass's ("Bass") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Bass's motion for reversal and remand, (ECF No. 22), and the Commissioner's cross-motion to affirm, (ECF No. 23). In Bass's motion, Bass seeks the reversal of the administrative decision and remand for an award of benefits. (ECF No. 22.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 23/24)[2], and Bass filed a reply, (ECF No. 25). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 18), the Court concludes that the Commissioner's finding that Bass could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Bass's motion for remand, (ECF No. 22), and grants the Commissioner's cross-motion to affirm, (ECF No. 23).

///

///

---

[1]     Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]     ECF Nos. 23 and 24 are identical documents.

I.      **STANDARDS OF REVIEW**

      A.      **Judicial Standard of Review**

        This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

        The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

        To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

1    "However, if evidence is susceptible of more than one rational interpretation, the decision

2    of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is

3    responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172

4    F.3d 1111, 1113 (9th Cir. 1999).

5         It is incumbent on the ALJ to make specific findings so that the court does not

6    speculate as to the basis of the findings when determining if substantial evidence supports

7    the Commissioner's decision. The ALJ's findings should be as comprehensive and

8    analytical as feasible and, where appropriate, should include a statement of subordinate

9    factual foundations on which the ultimate factual conclusions are based, so that a

10   reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d

11   1197, 1200 (9th Cir. 1990).

12        **B.    Standards Applicable to Disability Evaluation Process**

13        The individual seeking disability benefits bears the initial burden of proving

14   disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the

15   individual must demonstrate the "inability to engage in any substantial gainful activity by

16   reason of any medically determinable physical or mental impairment which can be

17   expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §

18   423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in

19   support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes

20   an inability to perform their prior work, then the burden shifts to the Commissioner to show

21   that the individual can perform other substantial gainful work that exists in the national

22   economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

23        The first step requires the ALJ to determine whether the individual is currently

24   engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b).

25   SGA is defined as work activity that is both substantial and gainful; it involves doing

26   significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-

27   (b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not

28   disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    CASE BACKGROUND**

    **A.    Procedural History**

Bass applied for supplemental security income ("SSI") and disability insurance benefits ("DIB") on January 4, 2018, and January 19, 2018, respectively, with an alleged disability onset date of December 29, 2017. (AR 225-31.) Bass's application was denied

1   initially on February 27, 2018, and upon reconsideration on June 14, 2018. (AR 132, 147.)

2   Bass subsequently requested an administrative hearing. (AR 163-164.)

3   On April 14, 2020, Bass and his attorney appeared at a telephonic hearing before

4   an ALJ. (AR 41-78.) A vocational expert ("VE") also appeared at the hearing. (*Id.*) The ALJ

5   issued a written decision on April 23, 2020, finding that Bass was not disabled because

6   he could perform other work that exists in significant numbers in the national economy.

7   (AR 21-33.) Bass appealed, and the Appeals Council denied review on September 29,

8   2020. (AR 1-15.) Accordingly, the ALJ's decision became the final decision of the

9   Commissioner. Having exhausted all administrative remedies, Bass filed a complaint for

10   judicial review on October 27, 2020. (*See* ECF Nos. 1-1, 5.)

11   **B.    ALJ's Decision**

12   In the written decision, the ALJ followed the five-step sequential evaluation process

13   set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 18-33.) Ultimately, the ALJ disagreed

14   that Bass has been disabled from December 29, 2017, the alleged onset date, through

15   the date of his decision. (AR 32-33.) The ALJ held that, based on Bass's RFC, age,

16   education, and work experience, Bass could perform other work that exists in significant

17   numbers in the national economy. (AR 31-33.)

18   In making this determination, the ALJ started at step one. Here, the ALJ found Bass

19   had not engaged in substantial gainful activity since the alleged onset date of December

20   29, 2017. (AR 23-24.) At step two, the ALJ found Bass had the following severe

21   impairments: status-post right-side total knee replacement; right shoulder disorder; hip

22   disorder; back disorder; and obesity. (AR 24.) At step three, the ALJ found Bass did not

23   have an impairment or combination of impairments that either met or medically equaled

24   the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20

25   C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 24-

26   25.)

27   Next, the ALJ determined Bass has the RFC to perform medium work as defined

28   by 20 C.F.R. §§ 404.1567(c) and 416.967(c) except:

1
2
3

> no more than frequent postural activity but no more than occasional crawling and kneeling; no more than occasional use of ramps and stairs; no more than frequent overhead reaching with the dominant (right) upper extremity; no more than occasional work at exposed heights; and no use of foot controls with the right foot.

4    (AR 25.)

5        The ALJ found Bass's medically determinable impairments could reasonably be

6    expected to cause the symptoms alleged; however, Bass's statements concerning the

7    intensity, persistence, and limiting effects of those symptoms were not entirely consistent

8    with the medical evidence and other evidence in the record. (AR 26.) In reaching this

9    conclusion, the ALJ reviewed and discussed the objective medical evidence, medical

10    opinions, and factors weighing against Bass's credibility. (AR 25-30.) The ALJ then

11    determined that Bass is not capable of performing past relevant work, as a tile setter, as

12    actually or generally performed. (AR 30-31.)

13        Relying on the testimony of the VE, the ALJ determined that Bass's age, education,

14    work experience, and RFC would allow him to perform other occupations existing in

15    significant numbers in the national economy, such as: cook helper, dining room attendant,

16    or linen room attendant. (AR 31-32.) Accordingly, the ALJ held that Bass had not been

17    under a disability since the alleged onset date of December 29, 2017, through the date of

18    the decision, and denied Bass's claim. (AR 32-33.)

19    **III.    ISSUE**

20        Bass seeks judicial review of the Commissioner's final decision denying DIB and

21    SSI under Titles II and XVI of the Social Security Act. (ECF No. 22.) Bass raises a single

22    issue for this Court's review: whether the ALJ erred by relying on the "completely outdated"

23    opinions of the non-examining State agency review physicians and thus fashioned an RFC

24    without any substantial evidence to support it, including opinion evidence. (*Id.* at 11.) Bass

25    also asserts the ALJ failed to further develop the record as a result. (*Id.*)

26    ///

27    ///

28    ///

7

IV.   **DISCUSSION**

   **A.   Standards for an ALJ when Articulating and Considering Medical Opinions or Prior Administrative Medical Findings**

   Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and non-examining. *See Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 692 (9th Cir. 2009).

   **1.   Claims Filed *Before* March 27, 2017**

   For claims filed *before* March 27, 2017, each type of opinion is accorded different weight. 20 C.F.R. §§ 404.1527, 416.927. Generally, for claims filed *before* March 27, 2017, more weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the claimant. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Medical opinions and conclusions of treating physicians are accorded special weight because these physicians are in a unique position to know claimants as individuals, and because the continuity of their dealings with claimants enhances their ability to assess the claimants' problems. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988); *see also Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1228 (9th Cir. 2009) ("A treating physician's opinion is entitled to 'substantial weight.'").

   **2.   Claims Filed *On or After* March 27, 2017**

   For claims filed *on or after* March 27, 2017, no deference or specific evidentiary weight, including controlling weight, will be given to any medical opinions or prior administrative medical findings, including those from a plaintiff's medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). When evaluating the persuasiveness of medical opinions and prior administrative medical findings, the most important factors considered are *supportability* and *consistency*. *Id.* (emphasis added). When a finding is made on persuasiveness, there must be an explanation of how the ALJ considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings within the determination or decision. *Id.; see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support their medical opinions or prior administrative medical findings, the more persuasive the medical opinions or prior administrative medical findings will be. *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ will consider the following additional factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings, however, the ALJ is not required to explain how the factors were considered:

(1) relationship of the claimant with the medical source:

(i) length of the treatment relationship,

(ii) frequency of examinations,

(iii) purpose of the treatment relationship,

(iv) extent of the treatment relationship, and

(v) examining relationship;

(2) specialization of the medical source providing the opinions or findings; and

(3) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id.* at §§ 404.1520c(c)(3)-(5), 416.920c(c)(3)-(5).

When an ALJ finds two or more equally persuasive medical opinions or prior administrative medical findings about the same issue that are equally well-supported and consistent with the record, but are not exactly the same, then the ALJ must articulate, within the claimant's determination or decision, how the ALJ considered the other most persuasive factors for those medical opinions or prior administrative medical findings. *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

///

///

///

1

2    **B.    Analysis**

Bass argues the ALJ erred when determining Bass's RFC because the ALJ relied

solely on, and found partially persuasive, the opinions of the non-examining State agency

review physicians, Dr. Nurre and Dr. DeSouza. (ECF No. 22 at 11-12.) Specifically, Bass

argues that "Drs. Nurre and DeSouza simply had no access to a significant portion of the

record, including when [Bass's] right knee became so bad he had to go to the emergency

department, leading to a series of treatments that led to a total knee arthroplasty and

subsequent problems and recovery thereafter." (*Id.* at 12.) Bass asserts the ALJ

"improperly relied on two completely outdated opinions from non-examining physicians,

and [that the ALJ] further rejected all evidence, and inappropriately made his own findings

[by] playing doctor." (*Id.*)

Bass filed his claims for DIB and SSI in January of 2018. (AR 225-31.) For this

reason, the ALJ was required to follow 20 C.F.R. §§ 404.1520c and 416.920c when

considering, and articulating how the ALJ considered, medical opinions or prior

administrative medical findings. To evaluate whether the ALJ properly found partially

persuasive Drs. Nurre's and DeSouza's administrative findings, the Court will look for

whether there was: (1) substantial evidence in the record to support the ALJ's decision;

(2) whether the ALJ applied the proper legal standards under 20 C.F.R. §§ 404.1520c and

416.920c; and, (3) whether the ALJ failed to further develop the record.

**1.    There is Substantial Evidence in the Record to Support the ALJ's Decision regarding Bass's RFC**

On April 23, 2020, the ALJ denied Bass's DIB and SSI claims, stating that Bass

was not disabled because he could make "a successful adjustment to other work that

exists in significant numbers in the national economy." (AR 21-33.) The ALJ articulated:

> After careful consideration of the entire record, I find that the claimant has
> the residual functional capacity to perform medium work as defined in 20
> CFR 404.1567(c) and 416.967(c) except: no more than frequent postural
> activity but no more than occasional crawling and kneeling; no more than
> occasional use of ramps and stairs; no more than frequent overhead
> reaching with the dominant (right) upper extremity; no more than occasional
> work at exposed heights; and no use of foot controls with the right foot.

(AR 25.) The ALJ found that Bass was unable to perform past relevant work, but that Bass could perform occupations existing in significant numbers in the national economy, such as: cook helper, dining room attendant, or linen room attendant. (AR 31-32.)

At a minimum, the ALJ took into consideration the following records related to Bass's treatment:

(1) January 3, 2018, examination, (AR 26, 340-45);

(2) October 9, 2018, X-rays, (AR 26, 352-53);

(3) June 10, 2019, examination, (AR 27, 361);

(4) July 1, 2019, examination, (AR 26, 385);

(5) August 7, 2019, report, (AR 27, 408-10);

(6) September 17, 2019, examination, (AR 26, 415);

(7) October 1, 2019, therapy notes (AR 26, 448);

(8) October 8, 2019, report, (AR 26, 430);

(9) November 19, 2019, report, (AR 26, 441);

(10) January 7, 2020, examination, (AR 26, 454); and

(11) March 6, 2020, examination, (AR 27-28, 470).

When reviewing the record, the ALJ found Drs. Nurre's and DeSouza's initial review, and reconsideration, partially persuasive. (AR 29; *see also* AR 80-121.) The ALJ articulated that this finding was "partially supported by the extensive review of medical evidence, references to specific findings in the record, and well-supported explanations." (AR 29.) In doing so, the ALJ found the prior administrative medical findings partially persuasive. (*Id.*) The ALJ also articulated that the medical opinions given at Bass's examinations on June 10, 2019, and January 7, 2020, were not persuasive, because the June 10 examination showed "little to no documentation of further treatment, evaluations, or diagnostic orders," and the January 7 examination noted that Bass "had full extension and was ambulating well." (AR 30.)

For the above reasons, the Court finds that the ALJ's RFC finding is supported by substantial evidence.

### 2.     The ALJ Applied the Proper Legal Standards Under 20 C.F.R. §§ 404.1520c and 416.920c

Under 20 C.F.R. §§ 404.1520c and 416.920c, when the ALJ determined Bass's RFC, the ALJ was required to explain how they considered the *supportability* and *consistency* factors for a medical source's medical opinions or prior administrative medical findings when determining the persuasiveness regarding these prior administrative medical findings and medical opinions.

The ALJ found, and this Court agrees, that the medical evidence of record regarding Bass's status-post right-side total knee replacement, right shoulder disorder, hip disorder, and back disorder supports the above RFC. (AR 27-28.) This finding is in accord with the requirements of 20 C.F.R. §§ 404.1520c and 416.920c, where the ALJ is required to articulate how a finding of persuasiveness is supported by the AR.

Additionally, in fulfillment of the second articulation requirement of 20 C.F.R. §§ 404.1520c and 416.920c, the ALJ articulated why this finding was consistent with the AR. The ALJ found that Bass's subjective statements regarding the alleged intensity, persistence, and limiting effects of symptoms conflict with the object medical evidence and other evidence about the duration and frequency of symptoms. (AR 26.) For this reason, the ALJ found that Bass's statements were inconsistent with the AR. (AR 27.) More importantly, the ALJ found that the prior administrative medical findings are partially consistent with evidence from other medical or nonmedical sources. (AR 29.)

Finally, Bass argues that the ALJ relied on non-examining opinions that were outdated. While a challenge can be stated on the grounds that the opinions relied upon by Drs. Nurre and DeSouza were outdated, the fact that Drs. Nurre and DeSouza provided non-examining opinions is irrelevant. (*See* ECF No. 22.) Under 20 C.F.R. §§ 404.1520c and 416.920c, no deference is afforded to any one medical opinion or administrative medical finding, regardless of whether the opinion was from a treating, examining, or non-

examining physician. As previously discussed, the Court finds that the ALJ appropriately found Drs. Nurre's and DeSouza's administrative medical findings persuasive and that the ALJ appropriately articulated why these findings were persuasive. The Court also finds that the ALJ did not rely on outdated administrative medical findings. The ALJ found Drs. Nurre's and DeSouza's administrative medical findings partially persuasive, but also took into consideration the entirety of the AR.

For the foregoing reasons, the Court finds that the ALJ applied the appropriate legal standards.

### 3.    The ALJ Did Not Fail to Develop the Record

The issues for which Bass claims are relevant for this action were included in the AR when the ALJ made the determination. "The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Id.* (quoting *Smolen*, 80 F.3d at 1288).

Here, Bass does not claim the AR is incomplete or inaccurate. Instead, Bass claims the ALJ rejected all evidence, and inappropriately made his own findings. (ECF No. 22 at 12.) Again, Bass's argument centers on the theory that the ALJ relied on non-examining physician's opinions that were outdated, and that the AR was ambiguous. (*Id.* at 12-13.) However, as previously discussed, 20 C.F.R. §§ 404.1520c and 416.920c affords no deference to any medical opinion or administrative medical finding. The ALJ did not find the record to be inadequate to allow for a proper evaluation of the evidence, and this Court does not find the evidence ambiguous. The ALJ considered all evidence within the administrative record, and Bass has not alleged that any evidence or records were precluded or excluded from the administrative record. For these reasons, this Court finds that the ALJ did not fail to develop the record, and that the ALJ properly considered all

1    evidence contained within the administrative record when issuing Bass's determination.

2    **V.      CONCLUSION**

3              Having reviewed the Administrative Record as a whole and weighing the evidence

4    that supports and detracts from the Commissioner's conclusion, the Court finds that the

5    ALJ did not fail to fully develop the record, the ALJ applied the appropriate legal standard,

6    and the ALJ's decision was supported by substantial evidence.

7              Accordingly, **IT IS THEREFORE ORDERED** that Bass's motion to remand (ECF

8    No. 22) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 23) is

9    **GRANTED**;

10             **IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS**

11   **CASE**.

12             **DATED**: ___November 18, 2021___

13

14                                                    _____
                                                      **UNITED STATES MAGISTRATE JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28